UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.O., | No. 2:23-cv-00406-DJC-AC |
| Plaintiff, | |
| v. | ORDER |
| RESCUE UNION SCHOOL DISTRICT, et al., | |
| Defendants. | |

Plaintiff has filed a motion requesting that Lolita O'Neal be appointed as guardian ad litem for Plaintiff S.O., who is her minor child. (ECF No. 2.) Defendants have not filed opposition to this motion.

Under Federal Rule of Civil Procedure 17(c), "[a] minor . . . who does not have a duly appointed representative may sue by . . . a guardian ad litem." Where a minor does not have a representative appointed to sue on their behalf, "[t]he court must appoint a guardian ad litem – or issue another appropriate order – to protect [the] minor . . . ." Fed. R. Civ. P. 17(c). The Local Rules for this district state that upon the commencement of an action, "the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the

appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person." L.R. 202(a) (citation omitted).

Where there is no conflict of interests between the minor child and their parent, a parent is generally appointed as guardian ad litem. *See Akey v. Placer County*, 2:14-cv-02402-KJM-KJN, 2014 WL 12917496, at *1 (E.D. Cal. Dec. 30, 2014) ("A parent is generally appointed guardian ad litem. However, courts should not appoint parents as guardians ad litem when there is a conflict between the interests of the minor children and those of the parents." (citations omitted)); *see also Anthem Life Ins. Co. v. Olguin*, No. 1:06-cv-01165, 2007 WL 1390672, at *2–3 (E.D. Cal. May 9, 2007); *Fontalvo ex rel. Fontalvo v. Sikorsky Aircraft Corp.*, No. 13-cv-0331-GPC-KSC, 2014 WL 5092742, at *2 (S.D. Cal. Oct. 9, 2014).

Based on the filings currently before it, the Court does not find there is any conflict of interests between Plaintiff S.O. and O'Neal such that O'Neal would be unsuitable to serve as guardian ad litem for S.O. Plaintiff asserts claims against the Defendants for negligence, negligent hiring, retention, and supervision, violation of Education Codes, and violation of Title IX, in connection with bullying and harassment that occurred while Plaintiff was a student within the Rescue Union School District. (*See* First Am. Compl. (ECF No. 12).) These claims do not involve interests for O'Neal that are not aligned with Plaintiff's interests and O'Neal is not presently a party to this action. Given these facts, O'Neal's interests do not appear to be in conflict with Plaintiff's. Thus, the Court will grant Plaintiff's motion for Lolita O'Neal to be appointed as the guardian ad litem for Plaintiff S.O. (ECF No. 2.)

////
////
////
////
////

In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's motion to appoint Lolita O'Neal as guardian ad litem for minor Plaintiff S.O. (ECF No. 2) is GRANTED.

IT IS SO ORDERED.

Dated: __May 18, 2023__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 - so23cv00406.guardianadlitem

3