UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.O., a minor,<br><br>            Plaintiff,<br><br>    v.<br><br>RESCUE UNION SCHOOL DISTRICT, et al.,<br><br>            Defendants. | No. 2:23-cv-00406 DJC AC<br><br><br>ORDER |

       This matter is before the court on plaintiff's motion to compel. ECF No. 20. This discovery motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(1). The parties filed the required joint statement (ECF No. 23), and the motion was taken under submission (ECF No. 21). For the reasons stated below, plaintiff's motion is GRANTED.

       **I.**    **Relevant Background**

       Plaintiff filed this action on March 3, 2023 (ECF No. 1) and filed the operative amended complaint on April 17, 2023. ECF No. 12. Plaintiff, through guardian ad litem Lolita O'Neal, alleges violations of state and federal law arising from alleged physical and sexual abuse suffered District as a disabled first-grade student while attending Green Valley Elementary School within the Rescue Union School. ECF No. 12 at 2. Plaintiff sues the District ("RUSD") and several of its employees. Id. The incidents giving rise to the complaint arose during the 2021-2022 school

year. Id. at 3. Plaintiff alleges she was repeatedly bullied, sexually harassed, and sexually assaulted by multiple students. Id. One student in particular, "E.H.," allegedly took plaintiff to an unsupervised area of campus, told her he was assaulting her because she was a new girl, held her down, and sexually molested her by fondling her and inserting a foreign object into her genitals. Id. Plaintiff alleges E.H. perpetrated similar acts of sexual misconduct against other victims while he was given unsupervised access to female students for extended periods of time. Id. at 3-4. Plaintiff alleges that defendants were each on notice of E.H.'s propensities to bully and sexually harass peers, but failed to act or intervene to prevent recurrence. Id.

## II. Motion

Plaintiff asks the court to compel responses to multiple requests for production. The motion presents three separate disputes: (1) whether defendants are improperly withholding documents based on the California Education Code §49075, 49061, 49076(a) and the Family Educational Rights and Privacy Act ("FERPA") 20 USC §1232(g) et seq.; 34 CFR §99.2, et seq.; (2) whether defendants must produce personnel files for the individual defendants; and (3) whether defendants must produce documents related to evidence of student bullying, sexual harassment, and assault on district campuses beyond the one plaintiff attended, from 2018 to present. ECF No. 12 at 3-23.

## III. Discussion

A. Legal Standard for Motion to Compel

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). The Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if: (a) it has any tendency to make a fact more or

2

less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26.  Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1).  If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975).  General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or privilege claim.  Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir.2005).

B. <u>Documents Withheld Based on FERPA and the Education Code Must Be Produced</u>

The following requests for production are at issue with respect to this portion of the discovery dispute:

PLAINTIFF'S REQUEST NO. 1:

> WRITINGS and ESI RELATING TO Plaintiff S.O., including but not limited to photographs, her cumulative file, special education file, confidential file, nurse's notes, counseling notes, incident reports, injury reports, check-in-sheets, behavior data, observations, assessments, referrals, MDT reports, logs, graphs, and/or charts, raw data and/or any other data, notes or information maintained in a database.

DEFENDANT'S RESPONSE TO REQUEST NO. 1:

> Defendant agrees to produce those records within its possession as requested excepting therefrom any reports referencing any other students or communications with counsel or impressions of counsel as such information is confidential pursuant to California Education Code §49075, 49061, 49076(a) as well as Family Educational Rights and Privacy Act (FERPA) 20 USC §1232(g) et seq.; 34 CFR §99.2,

et seq., as well as the attorney/client privilege and attorney work-product doctrine.

**PLAINTIFF'S REQUEST NO. 3:**

WRITINGS and ESI REFLECTING YOUR INVESTIGATION of Plaintiff S.O.'s REPORT(S) of SEXUAL HARASSMENT at any time during her time on YOUR Green Valley Elementary School campus.

**PLAINTIFF'S REQUEST NO. 4:**

WRITINGS and ESI REFLECTING YOUR INVESTIGATION of Plaintiff S.O.'s REPORT(S) of BULLYING at any time during her time on YOUR Green Valley Elementary School campus.

**DEFENDANT'S RESPONSE TO REQUEST NO. 3 and 4:**

Construing this request to refer to the allegations of the sexual assault of student S.O., Defendant agrees to produce those records within its possession as requested excepting therefrom any reports referencing any other students or communications with counsel or impressions of counsel as such information is confidential pursuant to California Education Code §49075, 49061, 49076(a) as well as Family Educational Rights and Privacy Act ("FERPA") 20 USC §1232(g) et seq.; 34 CFR §99.2, et seq., as well as the attorney/client privilege and attorney work-product doctrine. Furthermore, Defendant is aware of a series of emails from Lolita O'Neal to Michelle Winberg, however those emails are encrypted by the sender and cannot be printed, or forwarded, and equally available to the propounding party insofar as the emails were originally sent by Plaintiff. Other responsive documents will be produced by Defendant.

**PLAINTIFF'S REQUEST NO. 5:**

WRITINGS and ESI, RELATED TO student "E.H." (the alleged perpetrator), including but not limited to photographs, his cumulative file, special education file, confidential file, nurse's notes, counseling notes, incident reports, check in sheets, injury reports, behavior data, observations, assessments, referrals, MDT reports, logs, graphs, and/or charts, raw data and/or any other data, notes or information maintained in a database.

**DEFENDANT'S RESPONSE TO REQUEST NO. 5:**

Objection. This request is vague, ambiguous, and overbroad as phrased. Without waiving said objections, the request also violates California Education Code §49075, 49061, 49076(a) as well as the Family Educational Rights and Privacy Act ("FERPA") 34 CFR §99.2, et seq.; 20 USC §1232(g). Responding party has sent a written request to the parents of the student identified as "E.H." regarding this request to determine if they will agree to release the requested records. As of this date, no authorization has been received.

PLAINTIFF'S REQUEST NO. 10:

    For the period 2018 to present, WRITINGS and ESI RELATED TO COMPLAINT(S) or reports ALLEGING student SEXUAL HARASSMENT on any of YOUR campuses.

DEFENDANT'S RESPONSE TO REQUEST NO. 10:

    Objection. This request for production is not reasonably nor specifically tailored to seek production of discoverable or admissible evidence. The request as drafted is impermissibly overbroad and will impose an undue burden on responding party, its resources and personnel, to have it search for records that would in no way be relevant to Plaintiff's claims in this lawsuit. Moreover, this request may violate confidentiality afforded to pupil records pursuant to California Education Code §49075, §49061, §49076(a) as well as Family Educational Rights and Privacy Act ("FERPA") 20 USC §1232(g) et seq.; CFR §99.2 et seq., as well as the attorney/client privilege and attorney work-product doctrine. Without waiving the foregoing objections, Defendant agrees to produce records responsive to this request limited to Green Valley Elementary School, with redactions to protect pupil identities.

PLAINTIFF'S REQUEST NO. 11:

    For the period 2018 to present, WRITINGS and ESI RELATED TO COMPLAINT(S) or reports ALLEGING student BULLYING on any of YOUR campuses.

DEFENDANT'S RESPONSE TO REQUEST NO. 11:

    Objection. This request for production is not reasonably nor specifically tailored to seek production of discoverable or admissible evidence. The request as drafted is impermissibly overbroad and will impose an undue burden on responding party, its resources and personnel, to have it search for records that would in no way be relevant to Plaintiff's claims in this lawsuit. Moreover, this request may violate confidentiality afforded to pupil records pursuant to California Education Code §49075, §49061, §49076(a) as well as Family Educational Rights and Privacy Act ("FERPA") 20 USC §1232(g) et seq.; CFR §99.2 et seq., as well as the attorney/client privilege and attorney work-product doctrine. Without waiving the foregoing objections, Defendant agrees to produce documents responsive to allegations of bullying limited to Green Valley Elementary School for the subject time period of this request.

PLAINTIFF'S REQUEST NO. 19:

    For the period 2018 to present, WRITINGS and ESI RELATED TO any COMPLAINT involving "E.H."

DEFENDANT'S RESPONSE TO REQUEST NO. 19:

    Objection. This request is vague and ambiguous as phrased. Without waiving said objections, the request also violates California

5

    Education Code §49075, 49061, 49076(a) as well as the Family Educational Rights and Privacy Act ("FERPA") 34 CFR §99.2, et seq.; 20 USC §1232(g). Notwithstanding said objections, despite a reasonable and diligent search, responding party is unable to locate any document other than those related to the complaint in this action, as no other such document exists.

PLAINTIFF'S REQUEST NO. 22:

    For the period 2018 to present, WRITINGS and ESI REFLECTING YOUR INVESTIGATION of COMPLAINT(S) ALLEGING student SEXUAL HARASSMENT at YOUR Green Valley Elementary School campus.

PLAINTIFF'S REQUEST NO. 23:

    For the period 2018 to present, WRITINGS and ESI REFLECTING YOUR INVESTIGATION of COMPLAINT(S) ALLEGING student BULLYING at YOUR Green Valley Elementary School campus.

PLAINTIFF'S REQUEST NO. 24:

    For the period 2018 to present, WRITINGS and ESI REFLECTING YOUR INVESTIGATION of COMPLAINT(S) ALLEGING inadequate student supervision at YOUR Green Valley Elementary School campus.

DEFENDANT'S RESPONSE TO REQUEST NOS. 22, 23, and 24:

    Objection. This request for production is impermissibly overbroad as to time. This request is vague and ambiguous as phrased. Without waiving said objections, the request also violates California Education Code §49075, 49061, 49076(a) as well as the Family Educational Rights and Privacy Act ("FERPA") 34 CFR §99.2, et seq.; 20 USC §1232(g). Notwithstanding said objections, despite a reasonable and diligent search, responding party is unable to locate any document other than the Complaint in this action, as no other such document exists.

  Congress enacted FERPA to protect the privacy of students and their parents. The law conditions the receipt of federal funding by educational institutions or agencies on their compliance with certain procedures concerning the maintenance of student educational records and restricting release of student educational records to third parties without parental consent. See 20 U.S.C. § 1232g; Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ., No. 2:11-CV-03471-KJM-AC, 2015 WL 10939711, at *3 (E.D. Cal. July 2, 2015). "The consent requirement is subject to several exceptions. The most relevant exception to this action allows for disclosure without consent if disclosure is to comply with a judicial order or subpoena and the

educational institution has made a reasonable effort at notification. 34 C.F.R. § 99.31(a)(9)." Morgan Hill, 2015 WL 10939711 at *3.

"FERPA does not create an evidentiary privilege and documents protected by FERPA are discoverable in the context of civil litigation." Cherry v. Clark County Sch. Dist., No. 2:11-CV-01783-JCM, 2012 WL 4361101, at *5 (D. Nev. Sept. 21, 2012) (citing Garza v. Scott and White Memorial Hosp., 234 F.R.D. 617, 624 (W.D. Tex. 2005)). The relevant Education Code sections were specifically adopted in California "to eliminate potential conflicts between FERPA and state law" and therefore where FERPA is satisfied, the Education Code is also satisfied. Doe v. Manhattan Beach Unified Sch. Dist., No. CV 19-06962-DDP-RAOx, 2020 WL 11271845, at *5 (C.D. Cal. Oct. 20, 2020) at *5 (citing BRV Inc. v. Superior Court, 143 Cal. App. 4th 742, 752 (2006)).

All requested documents withheld on the basis of FERPA and the Education Code must be produced. The records are clearly relevant to the claims in this case, and their disclosure pursuant to a court order does not run afoul of FERPA. Indeed, defendants acknowledge that "both FERPA and the California Education Code prohibit production of pupil records or information without written authorization by an identified student's parent or legal guardian, *or a Court order*." ECF No. 23 at 16 (emphasis added). Concerns regarding privacy are addressed by the existing Protective Order. ECF No. 20-1.

To comply with FERPA while making a production of student records pursuant to a court order, an institution is only required to notify the relevant parents or guardians in advance of the disclosure. 20 U.S.C. §1232g(b)(2)(B). The undersigned agrees that the most expeditious way to move forward in this case is for the court to issue an order regarding FERPA to address both the discovery dispute at bar and prevent discovery disputes going forward. The court therefore adopts plaintiff's proposal of a process wherein, within 10 days of identifying a student's records as responsive to discovery requests served in this case, RUSD will notify the student's parents or guardians before producing the records subject to the Protective Order applicable to this case. ECF No. 20-1. This shall be the process applied to the requests for production at bar and all

////

requests for production implicating student files and documents going forward. The motion to compel is granted on this point.

### C. Defendants Must Produce Personnel Files

The following requests for production are at issue with respect to this portion of the discovery dispute:

REQUEST FOR PRODUCTION NO. 8:

> For the period of Defendant LAURA HENDRIX'S employment with YOU, her complete personnel file, human resources file(s), administrator file(s), credential(s), certification(s), endorsement(s), schedules, timecards, performance reviews, evaluations, write-ups, observations, reprimands, COMPLAINTS, ALLEGATIONS, disciplinary records, memo(s), notes, emails, transcripts, training material, employment application, resume, references, notes, emails recommendations, settlements, and/or any agreements between YOU and HENDRIX.

REQUEST FOR PRODUCTION NO. 9:

> For the period of Defendant DUSTIN HALEY'S employment with YOU, her complete personnel file, human resources file(s), administrator file(s), credential(s), certification(s), endorsement(s), schedules, timecards, performance reviews, evaluations, write-ups, observations, reprimands, COMPLAINTS, ALLEGATIONS, disciplinary records, memo(s), notes, emails, transcripts, training material, employment application, resume, references, notes, emails, recommendations, settlements, and/or any agreements between YOU and HALEY.

RESPONSE TO REQUEST FOR PRODUCTION NOS. 8 and 9:

> Objection. This request for production violates the right of privacy of the identified defendant, is impermissibly overbroad and is not specifically tailored to seek production of records from the Defendant's personnel files that may be pertinent to Plaintiff's allegations. However, to the extent that this request seeks employment records not related to Plaintiff's allegations nor material to any issue in this case, the request invades the Defendant's Constitutional Right of Privacy; BRV, Inc. v. Superior Court (2006) 143 Cal.App.4th 742, 756-757. As this defendant's employment record with the District is immaterial to Plaintiff's claims, his right of privacy will not be waived.

The right of privacy is not bar to discovery; instead, the court must balance the need for the information against the claimed privacy right. Stallworth v. Brollini, 288 F.R.D. 444 (N.D. Cal. 2012). Indeed, defendants acknowledge that a "balancing approach in federal court is consistent with California law[.]" ECF No. 23 at 20 (citing BRV, Inc. v. Superior Court, 143

8

Cal.App.4th 742, 752 (2009)). Defendants have already produced the personnel file of plaintiff's school principal, Michelle Winberg, on the grounds that "she has actual campus supervisory responsibility and her 'negligence' as well as her hiring, training and retention could conceivably be at issue for the first and second causes of action." ECF No. 23 at 20. However, defendants refuse to produce the files of individual defendants "Hendrix or Haley because they are district level employees, do not perform supervision of students at Green Valley Elementary School and their employment records are not potentially relevant to Plaintiff's claims of negligent supervision at Green Valley Elementary or negligent hiring, supervision or retention related to Plaintiff's claims of negligent supervision." ECF No. 23 at 20.

The court agrees with plaintiff that the personnel records of Hendrix and Haley are relevant, and that any privacy concerns are both addressed by the existing protective order and outweighed by plaintiff's need for the responsive documents. ECF No. 20-1. Hendrix and Haley are parties to this case, as is their employer, the District. Hendrix was employed as Director of Special Education and Student Support Services, and Haley was employed as the Director of Curriculum and Instruction. ECF No. 12 at 2. Plaintiff specifically alleges that Hendrix and Haley, mandated reporters responsible for student supervision, negligently failed to institute and/or implement policies and procedures to accumulate, retain, categorize, track, and emphasize all adverse information relating to any student's inappropriate behavior towards other students at the school and to promptly notify parents and law enforcement upon any reasonable suspicion of child abuse being perpetrated on the premises. ECF No. 12 at 6. Their personnel files may contain information directly relevant to the claims against them. Defendant's argument that the privacy balance favors plaintiff as to Winberg's file but not as to the files of other named defendants is not persuasive or logical; each individual defendant is implicated in plaintiff's claims. The motion to compel is granted on this point.

D. District-Wide Evidence of Bullying, Sexual Harassment and Assault is Relevant

The following requests for production are at issue with respect to this portion of the discovery dispute:

////

REQUEST FOR PRODUCTION NO. 10:

    For the period 2018 to present, WRITINGS and ESI RELATED TO COMPLAINT(S) or reports ALLEGING student SEXUAL HARASSMENT on any of YOUR campuses.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

    Objection. This request for production is not reasonably nor specifically tailored to seek production of discoverable or admissible evidence. The request as drafted is impermissibly overbroad and will impose an undue burden on responding party, its resources and personnel, to have it search for records that would in no way be relevant to Plaintiff's claims in this lawsuit. Moreover, this request may violate confidentiality afforded to pupil records pursuant to California Education Code §49075, §49061, §49076(a) as well as Family Educational Rights and Privacy Act ("FERPA") 20 USC §1232(g) et seq.; CFR §99.2 et seq., as well as the attorney/client privilege and attorney work-product doctrine. Without waiving the foregoing objections, Defendant agrees to produce records responsive to this request limited to Green Valley Elementary School, with redactions to protect pupil identities.

REQUEST FOR PRODUCTION NO. 11:

    For the period 2018 to present, WRITINGS and ESI RELATED TO COMPLAINT(S) or reports ALLEGING student BULLYING on any of YOUR campuses.

RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

    Objection. This request for production is not reasonably nor specifically tailored to seek production of discoverable or admissible evidence. The request as drafted is impermissibly overbroad and will impose an undue burden on responding party, its resources and personnel, to have it search for records that would in no way be relevant to Plaintiff's claims in this lawsuit. Moreover, this request may violate confidentiality afforded to pupil records pursuant to California Education Code §49075, §49061, §49076(a) as well as Family Educational Rights and Privacy Act ("FERPA") 20 USC §1232(g) et seq.; CFR §99.2 et seq., as well as the attorney/client privilege and attorney work-product doctrine. Without waiving the foregoing objections, Defendant agrees to produce documents responsive to allegations of bullying limited to Green Valley Elementary School for the subject time period of this request.

REQUEST FOR PRODUCTION NO. 17:

    For the period 2018 to present, all WRITINGS related to training that YOU provided to employees REGARDING student supervision.

REQUEST FOR PRODUCTION NO. 20:

    For the period 2018 to present, WRITINGS and ESI REFLECTING YOUR policies, practices and procedures for tracking REPORTS of

student SEXUAL HARASSMENT.

REQUEST FOR PRODUCTION NO. 21:

> For the period 2018 to present, WRITINGS and ESI REFLECTING YOUR policies, practices and procedures for tracking REPORTS of student BULLYING.

RESPONSE TO REQUEST FOR PRODUCTION NO. 17, 20, and 21:

> Responding party agrees to produce those records pertinent to Green Valley Elementary School for the year in which responding party attended that school and alleges she was sexually assaulted. To any other degree, the document request is not specifically tailored to seek production of materials relevant to Plaintiff's claims, and therefore imposes an undue burden upon responding party, its staff and resources to locate records that may in no way involve Plaintiff's allegations.

Plaintiff argues that the District has improperly limited the scope of its response to Requests for reports of student bullying, sexual harassment, and assault, to a single campus during a single school year. Defendants respond with the conclusory argument that provision of documents related to "campuses that Plaintiff never attended during the key time frame, goes beyond the scope of the First Amended Complaint and is not proportional to her claims." ECF No. 23 at 19.

The court finds the requested discovery both relevant and proportional to the allegations in the operative First Amended Complaint. Evidence of RUSD's response to earlier reports of student sexual assault, harassment and bullying on its campuses go to plaintiff's ability to establish notice and prove the District had a history of failing to adequately document, investigate or respond to student bullying and sexual harassment in violation of students' rights. There is no other means for plaintiff to obtain this evidence. The court agrees with plaintiff that this information is relevant to the claims and goes to the District's notice and awareness of widespread misconduct occurring on its campuses. The motion is granted on this point.

### IV.   Conclusion

For the reasons explained above, the court orders that the motion to compel (ECF No. 20) is GRANTED in its entirety. For discovery going forward implicating student files, it is ORDERED that documents shall not be withheld based on FERPA alone. Instead, within 10 days

of identifying a student's records as responsive to discovery requests served in this case, RUSD will notify the student's parents or guardians before producing the records subject to the Protective Order applicable to this case.

DATED: November 16, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE