1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   S.O., a minor, by and through Guardian Ad        No.  2:23-cv-00406 DJC AC
     Litem, LOLITA O'NEAL, et al.,
11
                    Plaintiffs,
12                                                     ORDER

13            v.

14   RESCUE UNION SCHOOL DISTRICT;
     MICHELLE WINBERG;
     LAURAHENDRIX; DUSTIN HALEY and
15   DOES1-100 al.,

16                  Defendants.

17

18          This matter is before the court on plaintiff's motion for an order imposing sanctions on

19   Defendant Rescue Union School District ("RUSD") for violation of this Court's November 17,

20   2023 Order compelling production of documents, pursuant to Federal Rule of Civil Procedure 37

21   and Local Rule 251(e).  ECF No. 25.  RUSD opposed the motion.  ECF No. 27.  The parties

22   appeared before the court on January 31, 2023 for oral argument.  For the reasons stated below,

23   the motion for sanctions is GRANTED in part and DENIED in part.

24                           **I.       BACKGROUND**

25        A.  Overview

26          Plaintiff filed this action on March 3, 2023 (ECF No. 1) and filed the operative amended

27   complaint on April 17, 2023.  ECF No. 12.  Plaintiff, through guardian ad litem Lolita O'Neal,

28   alleges violations of state and federal law arising from alleged physical and sexual abuse suffered

1

1    District as a disabled first-grade student while attending Green Valley Elementary School within

2    the Rescue Union School.  ECF No. 12 at 2.  Plaintiff sues the District ("RUSD") and several of

3    its employees.  Id.  The incidents giving rise to the complaint arose during the 2021-2022 school

4    year.  Id. at 3.  Plaintiff alleges she was repeatedly bullied, sexually harassed, and sexually

5    assaulted by multiple students.  Id.  One student in particular, "E.H.," allegedly took plaintiff to

6    an unsupervised area of campus, told her he was assaulting her because she was a new girl, held

7    her down, and sexually molested her by fondling her and inserting a foreign object into her

8    genitals.  Id.  Plaintiff alleges E.H. perpetrated similar acts of sexual misconduct against other

9    victims while he was given unsupervised access to female students for extended periods of time.

10   Id. at 3-4.  Plaintiff alleges that defendants were each on notice of E.H.'s propensities to bully and

11   sexually harass peers, but failed to act or intervene to prevent recurrence.  Id.

12          B.  Initial Motion to Compel and November 17, 2023 Order

13          Plaintiff filed a motion to compel discovery on October 6, 2023.  ECF No. 20.  Both

14   parties participated in filing the joint statement required by Local Rule 251(c).  ECF No. 23.  The

15   motion was submitted on the papers, without hearing.  ECF No. 21.  The motion sought document

16   production in two categories: student educational records, and adult personnel files. The

17   undersigned granted the motion in full and ordered production of the responsive documents at

18   issue.  ECF No. 24.

19          C.  Motion for Sanctions

20          On January 10, 2024, plaintiff filed a motion for sanctions and motion to enforce a prior

21   court order, set to be heard on January 31, 2014.  ECF No. 25.  At the time the motion was filed,

22   the discovery deadline was March 1, 2024.  ECF No. 16.  The parties recently filed a stipulation

23   that, if adopted, would extend the discovery deadline to May 30, 2024.  ECF No. 29 at 2.  The

24   motion for sanctions contends that "[d]espite the court order and Plaintiff's ongoing efforts

25   attempting to obtain the evidence, RUSD has produced no ESI and continues to withhold the

26   court-ordered evidence without any basis to do so.  Plaintiff respectfully requests this Court

27   impose monetary sanctions against RUSD in the amount of $4,370.00 and require production of

28   the outstanding evidence within 14 days of its order."  ECF No. 25 at 2.  RUSD opposes the

1    motion, stating it has produced documents and that production is ongoing, though production has

2    been somewhat slowed by the winter holidays and related school district closures.  ECF No. 27 at

3    3-4.[1]

4                        **II.       LEGAL STANDARD**

5         Under Fed. R. Civ. P. 37(b)(2)(C), if a party fails to obey an order to provide discovery,

6    the court may order the disobedient party "to pay the reasonable expenses, including attorney's

7    fees, caused by the failure[.]"  "Willfulness, fault or bad faith is not required for the imposition of

8    monetary sanctions[.]"  In re NCAA Student-Athlete Name & Likeness Licensing Litig., No. C

9    09-1967 CW, 2012 WL 5372477, at *6, 2012 U.S. Dist. LEXIS 155511, *22 (N.D. Cal. Oct. 30,

10   2012). "When sanctions are warranted, the Court must determine the appropriate level or severity

11   of sanctions based on the circumstances of the case."  Jensen v. BMW of N. Am., LLC, 331

12   F.R.D. 384, 386 (S.D. Cal. 2019) (internal citations omitted).

13                       **III.       ANALYSIS**

14        Plaintiff argues that defendant's delay in production warrants monetary sanctions, a

15   requirement that defendant identify the parameters of their ongoing ESI search, and a requirement

16   that rolling production be completed by February 29, 2024.  ECF No. 30 at 3.  RUSD argues that

17   sanctions are not warranted because production is ongoing, and the delay was due to the District's

18   holiday closures.  ECF No. 27 at 2-4.

19        Per the discussion at hearing, production is occurring and is ongoing.  Because it is

20   undisputed that production is occurring, and because the initial order compelling production did

21   not set a completion date, the court will not issue monetary sanctions.  Nonetheless, plaintiff's

22   point as to the promptness of production is well taken and the court finds that it is necessary and

23   appropriate to impose a timeline for production.  It is thus ordered that rolling production, as

24   previously ordered at ECF No. 24, is to be completed no later than February 29, 2024.  Should

25   additional time be necessary for production, defendant must obtain a stipulation for an extension

26

27   _____

[1] In the reply brief (ECF No. 30) and at oral argument, the parties raised issues regarding the content and redaction of production.  That issue was not properly presented to the court in the

28   motion for sanctions and is not addressed here.

1  of time or make a motion supported by good cause.  The court will not issue further sanctions at

2  this time.

3            **IV.  CONCLUSION**

4    For all the reasons explained above, IT IS HEREBY ORDERED that the motion for

5  sanctions at ECF No. 25 is DENIED as to monetary sanctions but GRANTED insofar as the

6  production ordered at ECF No. 24 shall be completed no later than February 29, 2024.

7  DATED: February 1, 2024

8             _____
           ALLISON CLAIRE

9             UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28