UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.O. a minor, by and through Guardian Ad Litem, LOLITA O'NEAL,<br><br>Plaintiff,<br><br>v.<br><br>RESUCE UNION SCHOOL DISTRICT, et al.,<br><br>Defendants. | No. 2:23-cv-00406 DJC AC<br><br><br>ORDER |

This matter is before the court on the parties' joint request for a written order explaining the undersigned's decision, previously issued via minute order, regarding a discovery dispute that was initially brought to the undersigned via the informal discovery dispute resolution process. ECF Nos. 41, 42; see also E.D. Cal. R. 302(c)(1) (referring discovery disputes to the assigned magistrate judge). The court here re-states its ruling that the information requested must be produced in unredacted form, but amends the ruling to allow defendant to produce the information with an attorney's eyes only designation. Defendant has 7 days to produce the documents.

**I.      Relevant Background**

Plaintiff commenced this action on March 3, 2023, and filed the operative amended complaint on April 17, 2023. ECF No. 12. Plaintiff, through guardian ad litem Lolita O'Neal,

1

alleges violations of state and federal law arising from alleged physical and sexual abuse suffered as a disabled first-grade student while attending Green Valley Elementary School within the Rescue Union School District. ECF No. 12 at 2. Plaintiff sues the District ("RUSD") and several of its employees. Id. The incidents giving rise to the complaint arose during the 2021-2022 school year. Id. at 3. Plaintiff alleges she was repeatedly bullied, sexually harassed, and sexually assaulted by multiple students. Id. One student in particular, "E.H.," allegedly took plaintiff to an unsupervised area of campus, told her he was assaulting her because she was a new girl, held her down, and sexually molested her by fondling her and inserting a foreign object into her genitals. Id. Plaintiff alleges E.H. perpetrated similar acts of sexual misconduct against other victims while he was given unsupervised access to female students for extended periods of time. Id. at 3-4. Plaintiff alleges that defendants were each on notice of E.H.'s propensities to bully and sexually harass his peers, but failed to act or intervene to prevent recurrence. Id. at 25.

The case has been proceeding through discovery. On November 17, 2023, the undersigned granted a motion to compel brought by plaintiff, ordering in relevant part that defendant RUSD was required to produce requested student files and that neither privacy concerns, the California Education Code §49075, 49061, 49076(a), nor the Family Educational Rights and Privacy Act ("FERPA") 20 USC §1232(g) *et seq*. justified withholding the files. ECF No. 24 at 2-8. On February 1, 2024, the parties requested an informal discovery conference pursuant to the undersigned's standing orders.[1] ECF No. 32. Pursuant to those standing orders, the parities submitted a brief joint letter regarding their discovery dispute which, as part of the informal process, was not intended for docketing and was not initially docketed. The informal conference was held on February 12, 2024, and the parties verbally agreed to participate in the informal process and to be bound by a ruling issued by minute order only. A minute order memorializing the ruling was entered. ECF No. 37. That minute order reads: "The parties participated in an informal discovery dispute resolution conference via videoconferencing. Kelly

---

[1] Magistrate Judge Allison Claire's Standing Orders are available at https://www.caed.uscourts.gov/caednew/assets/File/Judge%20Claire%20Standing%20Orders%20(updated%20March%202023).pdf

L. Ganci appeared for plaintiff and Carter J. Nott appeared for defendants.  Following discussion, the court ruled as follows: The subject discovery shall be produced in unredacted form, subject to the terms of the existing protective order." ECF No. 37.

Despite having agreed to use of the informal discovery conference procedure—with the limited underlying record and summary disposition that procedure contemplates—RUSD sought reconsideration by the assigned District Judge, arguing that the undersigned failed to provide a complete written rationale for the ruling.  ECF No. 38.  Plaintiff opposed.  ECF No. 39.  The District Judge denied the motion without prejudice because the ruling at issue was not a substantive order that the District Judge could evaluate.  ECF No. 40.  Defendant RSUD was informed that it must request a formal written order from the undersigned, and that request is now before the court.  ECF No. 41.  Plaintiff joined in that request, citing the delay that this process has caused.  ECF No. 42.  To provide necessary background for the explanation set forth below, the undersigned docketed the joint report submitted by the parties prior to the initial informal conference, *nunc pro tunc*.  ECF No. 43.

## II.     Ruling on the Merits

As a preliminary matter, the court notes that no discovery motion was ever noticed before the undersigned by plaintiff or RUSD, because judicial resolution of the issue was initiated through the informal process.  It is therefore unclear whether this dispute should be considered under the standard of a motion to compel, or the standard of a motion for a protective order.  As described in the joint statement, "[t]he remaining dispute that is the subject of this Informal Discovery Conference is whether the District can withhold information relating to third parties based on privacy and FERPA." ECF No. 43 at 1.  Regardless of which party bears the burden, the substantive law and the court's previous rulings make clear that RUSD must produce the requested information to plaintiff.

The crux of the dispute before the court is this: "RUSD has redacted all student and parent names, as well as all parent contact information and email addresses, from emails and investigation notes related to instances of student bullying and sexual harassment at GVES and other District campuses," and plaintiff argues that this contact information is necessary to

1  determine whether there exists a patterns of inadequate District response to complaints of
2  bullying and harassment at its schools.  ECF No. 43 at 2.  "The redactions are made to emails and
3  administrators' notes - records maintained outside of pupil files."  Id.  Defendant argues that the
4  contact information is protected by privacy concerns, and while acknowledging that federal
5  privilege law applies, "urges the court to consider state law, to the extent it is consistent with
6  federal law."  ECF No. 43 at 4.  As stated previously, the undersigned finds the appeal to privacy
7  unpersuasive insofar as plaintiff's need for the information outweighs the need for privacy,
8  particularly in light of the existing protective order.  However, upon further consideration of the
9  arguments made in the motion for reconsideration to the district judge (ECF Nos. 38 and 39), the
10 court will amend the order to allow defendant to designate the name and contact information as
11 attorneys' eyes only.

12     As explained in the court's prior discovery order, the right of privacy is not a bar to
13 discovery; instead, the court must balance the need for the information against the claimed
14 privacy right.  ECF No. 24 at 8:25-26 (citing Stallworth v. Brollini, 288 F.R.D. 444 (N.D. Cal.
15 2012).  As stated at the informal hearing, the balance in this case weighs in favor of providing the
16 unredacted discovery to plaintiff.  First, the court finds that any third-party privacy interests are
17 adequately protected by the existing protective order.  Although the context was different
18 (addressing employee files), the court has already held in this case that the existing protective
19 order is sufficient to protect privacy concerns.  ECF Nos. 17, 18, 24.  The private information
20 released to plaintiff will not be immediately released for public consumption; it is protected from
21 disclosure by the protective order and will be handled with all necessary care.  Nonetheless, given
22 the sensitive nature of the documents at issue, the court is persuaded that the name and contact
23 information may be produced as attorneys' eyes only.  This allows plaintiff's counsel to make any
24 necessary contacts and potentially secure voluntary cooperation from potential witnesses while
25 providing the maximum level of privacy for non-party students and parents.

26     Second, plaintiff's need for the requested information is strong and clear.  The court has
27 already determined the evidence at issue is relevant to plaintiff's claims.  ECF No. 24 at 7:12-18.
28 Indeed, "evidence of RUSD's response to earlier reports of student sexual assault, harassment,

and bullying on its campuses goes to plaintiff's ability to establish notice and prove the District had a history of failing to adequately document, investigate, or respond to student bullying and sexual harassment in violation of students' rights. There is no other means for plaintiff to obtain this evidence." Id. at 11:18-22. Plaintiff's counsel needs access to names and contact information connected to reported incidents in order to discover whether common perpetrators or victims are involved across multiple incidents, what level of notice the district had, and how adequate or inadequate the district's responses were. In other words, the requested information is necessary to plaintiff's ability to contact potential witnesses to RUSD's patterns of conduct, which is an essential element of her case. The balance of concerns weights clearly in favor of protected disclosure.

### III. Conclusion

Defendant RUSD is ORDERED to turn over relevant requested documents in unredacted form pursuant to the existing protective order, though the previously redacted information may be designated attorneys' eyes only. Production must occur within 7 days of entry of this order.

IT IS SO ORDERED.

DATED: April 9, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE