UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.O. a minor, by and through Guardian Ad Litem, LOLITA O'NEAL,<br><br>Plaintiff,<br><br>v.<br><br>RESCUE UNION SCHOOL DISTRICT, et al.,<br><br>Defendants. | No. 2:23-cv-00406-DJC-AC<br><br><br>ORDER |

Defendants seek reconsideration of Magistrate Judge Allison Claire's April 10, 2024 Order directing disclosure of relevant requested documents in unredacted form. Judge Claire previously ordered the production of the evidence at issue on November 17, 2023.  (*See* ECF No. 24.)  Defendants did not seek reconsideration of the initial order requiring disclosure within fourteen days.  "A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."  Fed. R. Civ. P. 72(a). Thus, to the extent Defendants now wish to object to the substance of that order, Defendants' Motion is untimely and those arguments are waived.

1

Judge Claire's April 10, 2024 Order, for which Defendants are now seeking reconsideration, only concerns whether student information within those documents may be redacted. Judge Claire ordered that this evidence be disclosed in unredacted form, though permitted Defendants to mark those documents with an attorney's eyes only designation.

The Order was not clearly erroneous or contrary to law in finding that the identities of the was relevant to Plaintiff's claims. Defendants misconstrue as a misstatement of the elements of Plaintiff's claims Judge Claire's statement that "the requested information is necessary to plaintiff's ability to contact potential witnesses to RUSD's patterns of conduct, which is an essential element of her case[,]" (ECF No. 45). This statement is made in the context of, and in reference to, Judge Claire's prior finding that the information in this evidence was relevant. Judge Claire previously determined that "this information is relevant to the claims and goes to the District's notice and awareness of widespread misconduct occurring on its campuses." (ECF No. 24 at 11.) As acknowledged by both parties, the District's actual knowledge of the discrimination and deliberate indifference to the harassment are elements of Plaintiff's claims. *See Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 739 (9th Cir. 2000). Judge Claire found that the identity of the individuals in the disclosed records was necessary to determine the District's patterns of conduct which was relevant to knowledge of discrimination and deliberate indifference to the harassment.[1] As stated by Judge Claire in the Order, "Plaintiff's counsel needs access to names and contact information connected to reported incidents in order to discover whether common perpetrators or victims are involved across multiple incidents, what level of notice the district had, and how adequate or inadequate the district's responses

---

[1] Defendants argue that what other students experienced is not relevant to whether the District acted with deliberate indifference. (ECF No. 47 at 11.) This is outside the scope of the order for which Defendants presently seek reconsideration; Judge Claire already determined that such information was relevant in the November 17, 2023 Order.

were." (ECF No. 45 at 5.)  This is not clearly erroneous or contrary to law.  *See* Fed. R. Civ. P. 72(a).

Similarly, the Order is not clearly erroneous or contrary to law in weighing the relevance of the information against the privacy concerns of the third parties.  Judge Claire has put in place a robust set of protections via the protective order (ECF Nos. 17, 18), the order requiring disclosure (ECF No. 24), and the most recent order for which Defendants now seek reconsideration.  As a result of those orders, when a student's record is identified as responsive, parents and guardians must be notified in advance of the disclosure and responsive documents can be produced with an attorney's eyes only designation.  These protections seek to closely guard the sensitive information at issue.  Given Judge Claire's determination that this information was relevant to Plaintiff's claims and the extensive protections in place, Judge Claire's Order is not clearly erroneous or contrary to law in balancing the privacy concerns with the need for disclosure.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for reconsideration (ECF No. 47) is DENIED.

Dated:  August 19, 2024

THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE