UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.O., a minor, by and through her Guardian Ad Litem, LOLITA O'NEAL,<br><br>Plaintiffs,<br><br>v.<br><br>RESCUE UNION SCHOOL DISTRICT; MICHELLE WINBERG; LAURA HENDRIX; DUSTIN HALEY and DOES 1-100,<br><br>Defendants. | No.  2:23-cv-00406 DJC AC<br><br><br><br>ORDER |

This matter is before the court on plaintiff's motion for a protective order. ECF No. 57 (Points and Authorities at ECF No. 57-10). This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). The motion was heard via Zoom on shortened time at plaintiff's request and due to the urgency created by pending production deadlines in this case. ECF No. 62. For the reasons stated below, the court GRANTS the motion in part and DENIES it in part. As discussed at the hearing on this matter, the parties are ORDERED to appear for a specially set hearing on Friday, September 20, 2024 at 10:00 a.m. via Zoom, with briefing due by Monday, September 16, 2024 at 4:00 p.m.

## I.    Relevant Background

Plaintiff commenced this action on March 3, 2023, and filed the operative amended

1

1   complaint on April 17, 2023. ECF No. 12.  Plaintiff, through guardian ad litem Lolita O'Neal,
2   alleges violations of state and federal law arising from alleged physical and sexual abuse suffered
3   as a disabled first-grade student while attending Green Valley Elementary School within the
4   Rescue Union School District.  ECF No. 12 at 2.  Plaintiff sues the District ("RUSD") and
5   several of its employees.  Id.  The incidents giving rise to the complaint arose during the 2021-
6   2022 school year.  Id. at 3.  Plaintiff alleges she was repeatedly bullied, sexually harassed, and
7   sexually assaulted by multiple students.  Id.  One student in particular, "E.H.," allegedly took
8   plaintiff to
9   an unsupervised area of campus, told her he was assaulting her because she was a new girl, held
10  her down, and sexually molested her by fondling her and inserting a foreign object into her
11  genitals.  Id.  Plaintiff alleges E.H. perpetrated similar acts of sexual misconduct against other
12  victims while he was given unsupervised access to female students for extended periods of time.
13  Id. at 3-4.  Plaintiff alleges that defendants were each on notice of E.H.'s propensities to bully and
14  sexually harass his peers but failed to act or intervene to prevent recurrence.  Id. at 25.

15      The case has been proceeding through discovery. On November 17, 2023, the undersigned
16  granted a motion to compel brought by plaintiff, ordering in relevant part that defendant RUSD
17  was required to produce requested student files and that neither privacy concerns, the California
18  Education Code §49075, 49061, 49076(a), nor the Family Educational Rights and Privacy Act
19  ("FERPA") 20 USC §1232(g) et seq. justified withholding the files.  ECF No. 24 at 2-8.  On
20  February 1, 2024, the parties requested an informal discovery conference pursuant to the
21  undersigned's standing orders.  ECF No. 32.  Pursuant to those standing orders, the parities
22  submitted a brief joint letter regarding their discovery dispute which, as part of the informal
23  process, was not intended for docketing and was not initially docketed.  The informal
24  conference was held on February 12, 2024, and the parties verbally agreed to participate in the
25  informal process and to be bound by a ruling issued by minute order only.  This issue raised was
26  whether RUSD was required to produce student records with identifying information unredacted.
27  A minute order memorializing the ruling was entered.  ECF No. 37.  That minute order reads in
28  relevant part: "Following discussion, the court ruled as follows: The subject discovery shall be

1  produced in unredacted form, subject to the terms of the existing protective order." ECF No. 37.
2  RUSD requested a formal written order from the undersigned. ECF No. 41. On April 10,
3  2024, the undersigned issued a written order requiring RUSD to turn over relevant requested
4  documents in unredacted form pursuant to the existing protective order, though the previously
5  redacted information may be designated attorneys' eyes only," within 7 days. ECF No. 45 at 5.
6  RUSD sought reconsideration from the district judge (ECF No. 47), which was denied (ECF No.
7  56). Following the order denying reconsideration, plaintiff filed the motion at bar, which raises
8  two distinct issues. ECF No. 57. First, plaintiff takes issue with the FERPA notice issued by
9  RUSD, arguing that its language could be construed to indicate that student information would be
10 publicly viewable, rather than viewable to plaintiff's attorneys only and subject to a strict
11 protective order. ECF No. 57-10 at 5-6. Second, plaintiff seeks a protective order regarding
12 communications between RUSD and parents and students who may become witnesses in this
13 case. Id. at 7-8.

## II. Discussion

15 The parties agreed at hearing on the motion that the next FERPA notice from RUSD to
16 affected parents and/or eligible students must include information related to the protective order
17 in this case, as well as the fact that unredacted identifying information will only be made
18 available at this juncture to plaintiff's attorneys, and not to the public at large. In light of this
19 agreement, the court suspends the production deadline for unredacted student records and orders
20 the parties to submit, no later than 4:00 p.m. on September 16, 2024, either a stipulated FERPA
21 notice that the district will send out, or the parties' separate proposals for a FERPA notice. The
22 parties are ordered to appear before the court on September 20, 2024 at 10:00 a.m. via Zoom to
23 discuss the finalization of the FERPA notice and the schedule for notice and disclosure.
24 As to matter of a protective order limiting defendants' communications with students and
25 parents who may be potential witnesses, the motion for a protective order is DENIED. District
26 courts have broad discretion to determine whether a protective order is appropriate and, if so,
27 what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984);
28 see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir.

2002). The party seeking a protective order has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. In re Roman Catholic Archbishop of Portland, 661 F.3d 417, 424 (9th Cir. 2011) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)).

In this case, the communications plaintiff presents to illustrate the prejudice she faces do not involve improper communications by a party with already-designated witnesses and do not reveal any confidential information. For example, plaintiff cites a letter sent by RUSD's Superintendent acknowledging the lawsuit and denying the allegations, which reads in part: "[B]ased on the outcome of our investigation and the status of the lawsuit we want to assure you that we feel the facts are on our side." ECF No. 57 -10 at 8. Plaintiff also takes issue with online comments by parents discussing the lawsuit and indicating that they are tracking the case on PACER using an account number provided by defense counsel. Id. at 8. None of the communications identified by plaintiff are sanctionable or provide cause for a protective order, and many of them (such as conversations amongst parents) are outside this court's jurisdiction to control. Plaintiff has not met her burden, and a protective order will not issue.

### III.    Conclusion

For the reasons set forth above, the court HEREBY ORDERS as follows:

1. Production of unredacted student records as previously ordered, ECF No. 45, is STAYED until further order of the court;
2. The parties shall, prior to September 16, 2024, meet and confer in a good faith effort to develop a stipulated FERPA notice regarding the discovery to be produced pursuant to the operative discovery order and subject to the protective order. Such notice should include an explanation of the applicable terms of the protective order and a process for addressing objections to disclosure.
3. No later than September 16, 2024, the parties shall file either a stipulated FERPA notice or their separate proposed notices;
4. A discovery management conference is SET for September 20, 2024 at 10:00 a.m. via Zoom, to discuss court approval of a FERPA notice and the setting of dates for such

notice and for production of the unredacted records to plaintiffs.  Please contact the Courtroom Deputy Jonathan Anderson by phone (916) 930-4199 or by email at janderson@caed.uscourts.gov one day prior to the scheduled hearing to receive the Zoom information.

5. Plaintiff's motion for a protective order (ECF No. 57) is GRANTED to the extent that the court will exercise final authority over the FERPA notice to the degree specified above, and is otherwise DENIED.

IT IS SO ORDERED.

DATED: August 28, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE