UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.O., a minor, by and through her Guardian Ad Litem, LOLITA O'NEAL,<br><br>Plaintiffs,<br><br>v.<br><br>RESCUE UNION SCHOOL DISTRICT; MICHELLE WINBERG; LAURA HENDRIX; DUSTIN HALEY and DOES 1-100,<br><br>Defendants. | No. 2:23-cv-00406 DJC AC<br><br>ORDER |

This matter is before the court on defendants' motion to compel plaintiff's deposition. ECF No. 79. In light of the impending close of fact discovery, the court agreed to hear this motion on shortened time. ECF No. 80. Plaintiff opposes the motion. ECF No. 81. The parties appeared before the court via Zoom for oral argument on March 19, 20205. For the reasons set forth below, the motion to compel is granted.

**I.   Relevant Background**

Plaintiff, through her guardian ad litem, commenced this action on March 3, 2023, and filed the operative amended complaint, ECF No. 12, on April 17, 2023. The lawsuit arises from alleged physical and sexual abuse that plaintiff suffered as a disabled first-grade student while attending Green Valley Elementary School within the Rescue Union School District. ECF No. 12

1

at 2. Plaintiff alleges that during the 2021-2022 school year she was repeatedly bullied, sexually harassed, and sexually assaulted by multiple students. Id. at 3. One student in particular, "E.H.," allegedly took plaintiff to an unsupervised area of campus, told her he was assaulting her because she was a new girl, held her down, and sexually molested her by fondling her and inserting a foreign object into her genitals. Id. Plaintiff alleges E.H. perpetrated similar acts of sexual misconduct against other victims while he was given unsupervised access to female students for extended periods of time. Id. at 3-4. Plaintiff alleges that defendants were each on notice of E.H.'s propensities to bully and sexually harass his peers but failed to act or intervene to prevent recurrence. Id. at 5. The complaint presents claims for negligence, negligent hiring and supervision, violations of the California Education Code, and violation of Title IX. Id. at 5-13.

This case has been proceeding through discovery. Non-expert discovery closes on April 4, 2025. ECF No. 78. On March 5, 2025, defendant filed an ex parte motion to be heard on shortened time. ECF No. 79. The dispute "between the Parties involves the scope of [plaintiff's] deposition." ECF No. 79 at 2. The parties do not dispute that the minor plaintiff may be deposed, but they have been unable to agree as to whether and to what extent defense counsel may directly ask her about the alleged sexual assault.

Defendants propose that the deposition should be ordered with the following terms: "The deposition will be recorded via stenographer and videotape. The deposition will be held in a small conference room and will include the Plaintiff, S.O., defense counsel Kathleen Bray, Plaintiff's designated counsel, a stenographer and videographer. [ . . . ] The deposition will not exceed three hours in length. [ . . . ] The scope of the examination shall consist of Plaintiff S.O.'s family, social and educational experiences, the names of the alleged perpetrator(s) and inquire as to the deponent's experiences with them[, and] Defense counsel will refrain from asking the deponent questions that specifically reference the following terms: vagina and block." ECF No. 79-3 at 2.

Plaintiff wishes to include the limitation that "Plaintiff will not be asked any questions about the sexual assault." ECF No. 81 at 7. She argues that she is a minor child with "both autism and ADHD, among other learning disabilities" who would experience distress if

1  questioned directly about the alleged assault. Id. Plaintiff argues that "retained child
2  psychologist Dr. Helena Huckabee opines that [if] Plaintiff S.O. 'is asked about her sexual
3  assaults in deposition, there is a significant risk she will be re-traumatized and experience a
4  setback.'" Id. (citing Huckabee Decl. ¶14).

## II. Discussion

Federal Rule of Civil Procedure ("Rule") 26(b)(1) governs the scope of permissible discovery and provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevance to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

"Courts, while mindful of the adverse emotional effect that discovery may have on a child plaintiff or witness, have generally refused to preclude an opposing party from obtaining the child's testimony on relevant and material issues in the case." Lamberth v. Clark County Sch. Dist., No. 2:14-CV-02044-APG, 2015 WL 4076506, at *4 (D. Nev. July 1, 2015). To determine what restrictions, if any, to impose on the deposition of a young child, courts balance "the hardship to the party [or person] against whom the discovery is sought, if discovery is allowed,

3

with the hardship to the party seeking discovery if discovery is denied." Arassi v. Weber–Stephen Products LLC, No. 13-cv-648-NJ, 2014 WL 1385336 (E.D. Wis. 2014) (internal citations omitted). "[T]he party opposing discovery has the burden of showing that the discovery is overly broad, unduly burdensome or not relevant." Lamberth, 2015 WL 4076506, at *4.

In this case, the alleged sexual assault of the minor plaintiff by E.H. is undeniably relevant and material to the case. For example, the alleged failures of defendants to satisfy their duties of care would only support liability on the negligence claims if plaintiff was in fact injured as a result by being assaulted by E.H. See Ladd v. County of San Mateo, 12 Cal.4th 913, 917 (996) (reciting elements of negligence). Accordingly, the court cannot preclude inquiry into the assault itself. See Lamberth, 2015 WL 4076506, at *4.

The court is sympathetic to the needs of the minor plaintiff, and is satisfied that defense counsel will conduct the deposition with care for her well-being. In order to ensure the proper balance of the parties' respective needs and interests, the court will order the limitations proposed by the parties *other than* a limitation on questioning the minor about the alleged assault.

### III.  Conclusion

For the foregoing reasons, the motion to compel (ECF No. 79) is GRANTED and plaintiff's deposition shall proceed with the following limitations:

1. Plaintiff's deposition will take place on an agreed date and time, and will be recorded via stenographer and videotape.
2. The deposition will be held in a small conference room and will include the plaintiff, S.O.; defense counsel Kathleen Bray; plaintiff's designated counsel; a stenographer and videographer.
3. Plaintiff's guardian shall remain present outside the deposition room in a location accessible to Plaintiff, who shall be informed that she may have access to her guardian upon request during breaks in the deposition.
4. The deposition will not exceed three hours in length, excluding breaks. Breaks may be taken at any time at the request of plaintiff or her counsel.

4

5. The scope of the examination shall be limited to plaintiff S.O.'s family, social and educational experiences, the names of the alleged perpetrator(s), and deponent's experiences with them.

6. Defense counsel will refrain from asking the deponent questions that use the following terms: "vagina" and "block."

IT IS SO ORDERED.

DATED: March 19, 2025

*Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE