UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.O., a minor,<br><br>   Plaintiff,<br><br>   v.<br><br>RESCUE UNION SCHOOL DISTRICT, et al.,<br><br>   Defendants. | No. 2:23-cv-00406 DJC AC<br><br><br>ORDER |

This matter is before the court on plaintiff's motion to compel. ECF No. 108. This discovery motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(1). Defendant filed an opposition (ECF No. 111), and plaintiff replied (ECF No. 112). For the reasons stated below, plaintiff's motion is GRANTED in part and DENIED in part.

**I.     Relevant Background**

Plaintiff filed this action on March 3, 2023 (ECF No. 1) and filed the operative amended complaint on April 17, 2023. ECF No. 12. Plaintiff, through guardian ad litem Lolita O'Neal, alleges violations of state and federal law arising from alleged physical and sexual abuse suffered District as a disabled first-grade student while attending Green Valley Elementary School within the Rescue Union School. ECF No. 12 at 2. Plaintiff sues the District ("RUSD") and several of its employees. Id. The incidents giving rise to the complaint occurred during the 2021-2022

1

1   school year.  Id. at 3.  Plaintiff alleges she was repeatedly bullied, sexually harassed, and sexually
2   assaulted by multiple students.  Id.  One student in particular, "E.H.," allegedly took plaintiff to
3   an unsupervised area of campus, told her he was assaulting her because she was a new girl, held
4   her down, and sexually molested her by fondling her and inserting a foreign object into her
5   genitals.  Id.  Plaintiff alleges E.H. perpetrated similar acts of sexual misconduct against other
6   victims while he was given unsupervised access to female students for extended periods of time.
7   Id. at 3-4.  Plaintiff alleges that defendants were each on notice of E.H.'s propensities to bully and
8   sexually harass peers, but failed to act or intervene to prevent recurrence.  Id.  The discovery
9   deadline in this case, following an extension by the District Judge, is June 16, 2025.  ECF No.
10  107.

## II.   Motion

12  Plaintiff moves to compel the district to (1) supplement production of all evidence related
13  to E.H. responsive to Plaintiff's Requests for Production Nos. 5 or 19 and/or any Rule 34
14  Requests for Production contained in the deposition notices of Ms. Daebelliehn (E.H. and S.O.'s
15  first grade teacher), Ms. Hutchins (E.H.'s adoptive mother and yard duty at the time relevant to
16  this case), Ms. Winberg (defendant and School Principal at the relevant time) and/or the District
17  30(b)(6) deponent, including but not limited to all responsive text communications and database
18  entries; (2) serve verified amended responses to Request Nos. 5, 19 and each Rule 34 Requests
19  for Production contained in the deposition notices of Ms. Daebelliehn, Ms. Hutchins, Ms.
20  Winberg and/or the District 30(b)(6) deponent, stating whether all responsive documents in the
21  District's possession have now been produced; and (3) allow plaintiff's counsel to re-depose
22  those witnesses (Ms. Daebelliehn, Ms. Hutchins, Ms. Winberg, and District 30(b)(6) deponent
23  Powers) regarding E.H., and order that counsel shall not instruct the witnesses not to answer.
24  ECF No. 112 at 6.

## III.   Discussion

26  This case has been proceeding through discovery for nearly two years and has been before
27  the court on discovery related matters multiple times.  The parties are familiar with the history of
28  this case and the court's prior discovery orders and had the opportunity to argue their positions on

this motion before the court. Accordingly, in the interest of judicial economy, the court dispenses with detailed procedural histories and discussion in favor of clear and concise direction to the parties.

### A. Further Responses to Requests for Production

The court declines to order further responses or verification with respect to Requests for Production Nos. 5 and 19. Plaintiff has been in possession of the responses for over a year and a half, and the court has previously heard discovery motions regarding these RFPs. See, e.g., ECF No. 33. The requests themselves do not explicitly seek text messages, and prior litigation on these RFPs implicitly assumed that their scope was limited to documents and other writings (including communications) held and maintained by the District itself. It is unclear at best that text messages on employee's personal devices come within the scope of these RFPs -- let alone that such messages are within the custody or control of the District.[1] The court declines to revisit the RFPs at this point in the litigation.

### B. Further Responses to Document Requests in Deposition Notices

Unlike the RFPs, the document requests in the deposition notices were clear and plainly included text messages. There has been no undue delay in seeking these documents. Defendants' concerns related to privacy are addressed by the stipulated protective order. Defendant's various objections to production are overruled. To the extent the deponents have text messages or other documents requested in the deposition notices and not previously produced, they must supplement production. All evidence related to E.H. that is responsive to Rule 34 Requests for Production contained in the deposition notices of Ms. Daebelliehn, Ms. Hutchins, Ms. Winberg and/or the District's 30(b)(6) deponent, including but not limited to all responsive text communications and database entries, shall be produced within 7 days of this order, along with verification that all responsive documents have now been produced.

### C. Additional Depositions

It is apparent to the court that at various points identified by plaintiff, deponents were

---

[1] The parties have briefed the question, and the undersigned finds only that plaintiff has not met her burden as the moving party.

improperly instructed not to answer permissible deposition questions. Upon review of the relevant transcripts, the court finds that an additional hour of deposition time each is appropriate for Ms. Daebelliehn, Ms. Winberg, and 30(b)(6) deponent Tom Powers. Objections to the questions identified in plaintiff's motion are overruled, and counsel may not instruct the witnesses not to answer.

The court concludes that a further deposition of Ms. Hutchins is not warranted, however. Ms. Hutchins was instructed not to answer a follow-up question about what she meant by a comment about E.H. in a text message exchange with Ms. Winberg. Plaintiff seeks an answer to the question, and the opportunity to inquire further of Ms. Hutchins. Ms. Winberg is a defendant in this case and was the principal of the school during the time the message was exchanged; her understanding of the exchange might be relevant to the issue of notice regarding E.H.'s behavior and any risks posed. Ms. Hutchins, however, is neither a defendant nor an employee of the District, so what she meant by her comments is not probative on the notice issue. Plaintiff has not provided sufficient grounds to reopen her deposition.

### IV.    Conclusion

For the reasons explained above, the court orders that the motion to compel (ECF No. 108) is GRANTED in part and DENIED in part as described above. Additional productions shall be completed within 7 days of this order. Additional depositions shall take place no later than June 20, 2025.

IT IS SO ORDERED.

DATED: June 5, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4